**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2531
_____

UNITED STATES OF AMERICA

v.

MICHAEL LIEBERMAN,
                    Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:15-cr-00161-001)
District Judge: Honorable Peter G. Sheridan

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on April 20, 2020

Before: JORDAN, BIBAS, and PHIPPS, Circuit Judges

(Opinion filed: April 28, 2020)

_____

———————

OPINION[*]

———————

PER CURIAM

Michael Lieberman appeals from the District Court's order denying what the District Court construed as a motion for reconsideration of its earlier order substituting an entity as the victim and primary payee of a restitution award. We will affirm.

I.

In 2015, Lieberman pleaded guilty to one count of wire fraud in violation of 18 U.S.C. § 1343. In doing so, he admitted that he embezzled over $1.5 million from his former employer, Credit Agricole Corporate and Investment Bank. The District Court sentenced Lieberman to 37 months of imprisonment and two years of supervised release. The District Court also ordered Lieberman to pay approximately $1.6 million in restitution to the U.S. Treasury for distribution to Credit Agricole. Lieberman did not appeal or otherwise challenge his conviction or sentence.

In 2017, the National Union Fire Insurance Company of Pittsburgh, Pennsylvania, informed the District Court that due to its insurance payment to and an accompanying assignment agreement with Credit Agricole, it was the proper beneficiary of $1.4 million of the restitution. Thus, National Union asked the District Court to substitute it for Credit Agricole as the victim and primary payee of that amount. By order entered April 27, 2017,

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

the District Court granted National Union's request and substituted National Union for Credit Agricole as the victim and primary payee.

About nine months later, Lieberman filed the motion at issue here pro se. He purported to file it pursuant to the All Writs Act, 28 U.S.C. § 1651, but the District Court treated it as a motion for reconsideration of its April 27, 2017 substitution order. In his motion, Lieberman did not challenge any of the terms of the District Court's initial restitution order. Instead, his sole argument was that there is no statutory basis under the Mandatory Victim Restitution Act (MVRA) or otherwise for the District Court's substitution of National Union as the victim and primary payee. For relief, he asked the District Court to "withdraw" its substitution order.

The District Court denied Lieberman's motion for two reasons. First, the District Court concluded that Lieberman's motion was untimely under its local rules governing motions to reconsider in criminal cases. Second, the District Court concluded that Lieberman's motion also lacked merit because the substitution of National Union was permitted and required by the MVRA.[1] Lieberman appeals; we have jurisdiction under 28 U.S.C. § 1291.

## II.

In his filings below, Lieberman argued that the District Court lacked statutory authority to substitute National Union for Credit Agricole as the primary restitution payee. But that

---

[1] In particular, the District Court relied on the provision of the MVRA requiring that "[i]f a victim has received compensation from insurance or any other source with respect to a loss, <u>the court shall order</u> that restitution be paid to the person who provided or is obligated to provide the compensation." 18 U.S.C. § 3664(j)(1) (emphasis added). As the District Court recognized, however, the MVRA itself does not provide a postjudgment mechanism for effectuating that requirement.

is not the issue that he presents on appeal; in fact, he expressly disavows any challenge to the merits of the District Court's decision.

The sole argument Lieberman raises on appeal is that the District Court erred by treating his motion as a motion for reconsideration rather than a petition under the All Writs Act. In making that argument, Lieberman asserts that the District Court's characterization of his motion as one for reconsideration led the District Court to deny it on the sole ground that it was untimely and that the District Court did not reach the merits. Thus, Lieberman argues only that we should remand for the District Court to address the merits in the first instance.

The premise of this argument is incorrect because, as noted above, the District Court expressly denied Lieberman's motion on the alternative ground that his motion lacked merit. Lieberman, however, has expressly declined to raise any issue on the merits on appeal. Indeed, despite making some passing references to the merits, Lieberman ultimately asserts in his reply brief that "Lieberman's Appeal is limited to the district court's treatment of his motion" as one for reconsideration and "is not aimed at the merits," Reply Br. 1; that "the issue on this Appeal is not the attack Lieberman raised below, but the erroneous re-classification of his motion by the district court," Reply Br. 2; that "any argument about th[e] merits is superfluous here," id.; and that "Lieberman's Appeal does not address this issue," Reply Br. 3. Lieberman makes these assertions by way of arguing that we should not even address the Government's defense of the District Court's ruling on the merits. Thus, we decline to review that ruling and will affirm on the ground that Lieberman has waived any challenge to the District Court's denial of his motion on the merits. In light of our disposition, we need not reach the Government's alternative argument that this appeal

4

is barred by the appellate and collateral-challenge waivers contained in Lieberman's plea agreement.

III.

For these reasons, we will affirm the judgment of the District Court.